On behalf of the government, we have four cases on the calendar this morning, a case from the Court of Federal Claims, a tax case, a case from the Court of International Trade, a trade case, government employee cases for the Marine Systems Protection Corps, one of which has been submitted on the briefs and therefore not been argued, and the other, which is our first case, is Knight v. MSPB, Page 9, 06-3427. Mr. Lewis. Lewis, Your Honor. Good morning, judges. My name is Mike Lewis. I represent, just for the Court, I've reserved five. My name is Mike Lewis. I represent Mr. Knight. The case actually came out of TSA as opposed to MSPB. It was dismissed by the MSPB judges, both at the ALJ level and also at the MSPB level. I'm going to get right to the issue. The issue is whether the MSPB had jurisdiction over this case. The statute is pretty clear. A competitive employee is allowed, must serve a probationary period of one year. A non-competitive employee per statute must serve two. Mr. Knight served approximately 22 months, just shy of two years. He was dismissed. I'm not going to get into it. It's non-sequitur. It's less than two years, and of course that also is counting as a temporary appointment, and does that not count? That seems to be a rather important case. When did that occur? That occurred 12-12. I'm sorry, yeah, 12-12-03. 12-12-03. And that still did not give – he was terminated or discharged even less than a year later, but the letter goes on and it specifically says that his one-year supervisory probationary period is retroactive effectively for one year, and his prior service counts. So he served a year, so he's no longer a probationary employee, which means he's entitled to a hearing. The – well, TSA at the time and the MSPB now argues that there's a jurisdictional issue because the SF-50 – I think the confusion here is that the SF-50 – I think you guys have to do them too. Anybody who's a government employee gets an SF-50 at some point, which is – As Judge Lurie suggested at the opening of your argument, you still don't need the two-year requirement. I don't have to. We don't have to. He was converted to a competitive employee. The statute requires one year for competitive employees. 75-11. The government keeps referring to 75-11 for exempt non-competitive. Yes, that's two years. The statute has two parts. One is competitive, one-year probationary period. We submit that that's what TSA was doing here. They converted him to – from non-competitive temporary to competitive permanent. The statute for competitive to permanent, 75-11 specifically says for competitive, one-year probationary period. If the court is confused as to whether the 75-11 one-year period applies, the letter of correspondence, the conversion letter, clearly states, I am obligated to satisfy a three-completed one-year supervisory manageable probationary period. What is it that you're reading from? I'm reading from the conversion letter, and the only reference I have is page 8 of my brief. I don't know what the appendix is. It was a joint appendix, and I assume it's in there. I apologize to the court. Mr. Molise, you're arguing the criticality of one document, and you can't point to it. I'm sorry, Judge. I thought it was in the appendix. The document, do you have a number to file on it? No, it's not in there. You're looking at their brief. No, it's not in there. I'm trying to look at the appendix. I don't know. I'm going to have to file a supplement to say it certainly was in the record below, Judge. And it was my understanding it was in the appendix. And yes, it is critical to the case because it states point blank, this individual has been converted, and they give them a one-year supervisory probationary period, and they make it retroactive. And I don't know how it got here, to be honest with you. What's the date of that document again? Well, it's undated. It's a TSA letter. However, the employee's signature is 12-1203. And in the appendix that I have, I have your brief. Correct, and it's not in there. And then I have the government brief that has documents attached to it. Right, and there was an appendix filed that was supposed to be – we were supposed to file an appendix as well. And then ours didn't get in, and we were reminded by the court that it didn't get in. So rather than – I filed – I motioned the court to adopt their appendix as ours. I was wondering what the attachment is to this. I – when I looked at it downstairs, Judge, it wasn't in the red binder. It was in the blue binder. It was blue bound. So maybe you guys don't have it either. The only document that I have in this part is your brief and the red brief with attachments to the red brief. The only suggestion I have then is maybe go find it. It certainly is part of the record. It's not a requirement for us to go find it. It's a requirement for you to submit all of the documents that you rely on. And I thought I did, Your Honor. It certainly is part of the record. I mean, I wouldn't have referred to it in my brief. What kind of a way is that for a court to go find it? It's not, Your Honor. It's very difficult. And honestly – We'll have to go to court. It – it – You're saying, just finally, it's dated what, Mr. Holmes? It's a two-page document from TSA. It's – there's a signature on the back page of Mr. James Knight, who's my client here. And there's a handwritten date of 12-12-03. And it's entitled, Voluntary Employee Request for Conversion to Permanent Appointment. And if – I will go downstairs at the close of this argument and file a supplement with the court or otherwise file it if it's not in there. I will say, however, it certainly was part of the record below. And it's part of the record here. And you're right. I'm derelict in not getting it to you. But the government was aware of it. You brought it to their attention. The other – the lower courts were aware of it. It's determinative of the outcome. All right. Anything more? We'll save that time. Let's see what the judge announces. That's it. Thank you, Judge. Thank you. Judge Grant, do you have any comments about this missing critical document? No, I don't, Your Honor. I'm not aware of the document. And I'm clearly thoroughly reviewing the record. And if it was in the record, it would be rare for me to have missed such an important document. The initial decision did not refer to it. And no one has seen it. And I believe if the administrative judge – if that had been brought to the administrative judge's attention or the board's attention, for that matter, then someone would have referred to it. This is my first time hearing of that document. And I can't say never, never. It's not in the record. But it would be very, very unusual for a document to turn up at court, at oral argument. And we've had three different stages at which that document could have been reviewed. And no one knows the same. In other words, the board didn't – No, the board – well, to my knowledge, it is not in the record. To my knowledge, the board did not refer to it in its opinion. To my knowledge, the administrative judge didn't refer to it in his opinion either. Is there any other appendix aside from the appendix that's included in the red record? There is a court – there's an administrative record. And what we do is we go through the administrative record rather thoroughly and pull out those documents. I understand that. But my question is, is there another appendix to this case? None that I'm aware of. Other than the one that's in the red brief. None that I'm aware of. Mr. Knight's attorney, to my knowledge, did not submit a brief. And then he said that he was going to adopt, you know, the brief that we – the appendix that we filed. It was not originally filed as a joint appendix. We filed our own appendix. And this is my first time hearing about such a letter. So is it your view that it has to be a two-year claimant, not the one because there is no evidence that he was subject to only a one-year claimant? That is correct, Your Honor. And the statute is specific. As a non-creditless eligible, he has to have two years of current continual service. And I want to point out that in his brief, he did refer to the letter that's at our appendix, at number 108, in which he requested reconsideration of termination. And at one point, he was using that to make up the two years. However, the letter itself does not say that the termination was voided in any way. And so the termination that was – That was in February of 2005. I'm sorry? Is that the February of 2005 letter? Yes, sir. He's saying that is when the termination occurred. No, and that is incorrect. If that was when the termination occurred, that letter would have had to say, your termination is effective on a date. He already had an effective date of his termination of October the 7th, 2004. That letter made no reference to any different termination date. And even if the letter had said, your termination date, are we going to reinstate you as of February? Then you have a void in terms of he's not on the roads for the two years during the time between October the 7th, 2004, and the date of that letter. So he still would not have the two years that the statute requires him to be an employee in order to have an appeal right to the board. Does his temporary appointment time benefit him? We don't think so, but even if – he was hired December the 1st, 2002. He was discharged effective October the 7th. And even if you take the time that he served as a temporary person, he still would not have the two years required. His argument before this morning was temporary terms and the date of termination was February 05. That is correct. So that was more than two years. So he would be both – the benefit of both of those findings. Well, he would need to have been on the roads as an employee for two years. And what I was saying is that if his termination date was effective October the 7th, 2004, and he got a letter February 2005, he would have had to have been on the roads a particular time after October the 7th, 2004, in order to make up the two years, even if you included the time when he was initially hired on December the 1st in the temporary position. And the letter to which he refers is that our appendix 108 made no mention of any retroactive placing him on the roads and made no mention of him being terminated as of February the 28th. And so his effective date of termination remains October the 7th, 2004, short of the two years. And as to the letter that he refers to, this is my first time hearing the letter. And, you know, I can never say never. But I will say that the administrative judge had an opportunity to look at the record. There was no mention of it in the administrative judge's initial decision. The board revised the administrative judge's initial decision to take advantage of a new decision that it had issued subsequent. And it made no mention of it. And even if he had brought forth that letter at that time when he filed a petition for review, he would have had to show that that evidence was not available to him earlier, because you just can't come into a petition for review stage with new evidence that was available to you for which you did not submit. And I would submit to this court that since that was not referred to in his document at all, the theory on which he wrote his brief was completely different. So is there a letter that he somehow would have found somewhere? This is my first time hearing that. I answered the brief that he wrote. But wouldn't the action that was taken by the letter have to be at least documented by MSN 50 or something? I would think so, Your Honor. Isn't that the standard procedure? Yes, that is the standard procedure. It's about to be recorded by MSN 50. Is there an MSN 50 in the file to reflect that? Are you referring to reflecting the letter that he refers to? No, sir, there isn't, not to my knowledge. As far as I know, the file on the appendix only has two MSN 50s. And those are the only- RA 75 and RA 76. And those are the only two SF 50s that I am aware of. So there's no conversion of that diary to an SF 50, Your Honor? None that I'm aware of, Your Honor. And I would say, then, that Mr. Knight was required to meet the two-year minimum employment and employee. And even if you take his time as a temporary employee, he does not meet the two years, and therefore the board does not have jurisdiction. The board's jurisdiction is not preliminary. We have the jurisdiction that's given to it by statute, and the statute specifically said two years. And I'll just point out that in Mr. Knight's brief, he did make some mention of the timeliness. The timeliness issue is not before the court because the administrative judge did not address it because he was dismissing the case on jurisdictional grounds. And should this honorable court see fit to disagree with the board's decision, then the timeliness issue is still a viable issue that the board would need to deal with. And I would say that the board did not have jurisdiction over Mr. Knight's case, and we believe that the decision of the board should be affirmed, unless you have additional questions. Thank you very much. Just real quick on whether- Let me ask you a question on this. Because, you know, we have been thrown a little bit off balance here by this document. Now, you go to page 8 of your brief. Correct. And it seems to me a lot puzzled by this. It says, finally concerning the issue of competitor acceptance service, counsel for the agency, okay, asserts that Mr. Knight was in a noncompetitive position in terminating. Right? Then it goes on, such assertions are being raised for the first time on appeal or in contradiction to the correspondence that converted Mr. Knight to a permanent employee. You're saying they raised it for the first time on appeal, but how could you say that they have raised it because your brief was filed before their brief?  Well, you're saying the government, MSPD, Ms. Reardon raised it for the first time on appeal. Your brief was filed February 21. Her brief was filed June 11. So, how- I think raised on appeal below, at the board level. It was not- Yeah, but we have to- I mean, this looks like it was more appropriate in the brief below. Correct. Here, I mean, that's the problem is that- Nonetheless, Your Honor, that's- I want to go right to that point, though. That's the paragraph that I talked about. Counsel said, and everybody's saying they've heard about this missing document for the first time. Well, that paragraph, that's what we're addressing. That competitive service, that correspondence that converted him is the exact document I'm talking about. I do think it's fair to say if you read your brief, I mean, I've been going over the case and preparing for arguments. It seemed to me that two contentions were being advanced. One, your argument based on the February 28, 2005 term in the letter. I'll withdraw that. I'll withdraw that. And then, your timing of this issue. It's very hard to discern from reading the brief the contention that we're hearing today. The timing of this issue has to deal with whether or not he was given appeal rights. And I understand what happened. Now, the MSPB, I'm sorry, the TSA, when they issued this termination letter, discharge letter, didn't think he had any appeal rights. They were looking at the SF-50. My contention is the SF-50 at TSA, when it was put into the computer, whatever they did, we know they're computer generated now. Whoever did it, whether it was a data entry person, whether it was a contractor with TSA, we don't know. That's the problem. We don't know what they were told. And your question was, where is this conversion letter compared to this data entry clerk? The conversion letter that I referred to at page 8 of my brief that everybody claims to have seen for the first time was there. However, I don't have a copy of it. But it is in the brief, and I submit the conversion letter specifically converted him exactly what it said, to a one-year probationary period. You didn't mention that it's in the brief. Correct. But we don't have it as evidence. Correct. Also, they did mention it in their brief, the conversion letter. So this letter is not. Where is it in their brief? They talk about the conversion, and honestly, Judge, I don't know whether they're talking about the SF-50 because they do have a different data. Mr. Knight's at page 15, Mr. Knight's temporary appointment was converted to an accepted appointment. So they knew there was a conversion. That's the SF-50. Correct. RA-76. But the SF-50. That essentially makes the personnel change on the record. Correct. How personnel works. They send a letter over to whomever, and there's a conversion. Well, the conversion is with the SF-50. It's not effective until the SF-50 is done. Correct. So the 12-3-0-3 date is consistent with the SF-50 and the 7-28-0-3. The question is, what did the agency intend at that point? We know that there's a data entry clerk entering accepted service, but that document that was referred to at page 8 clearly makes it a total conversion to competitive service. The problem with the case was it was dismissed. I was never given any discovery. I don't know what they meant by that letter. If I had been given the opportunity to engage in discovery and conduct depositions and find out who wrote the letter that clearly converted him to a permanent employee and to a competitive employee, allowing him a one-year probationary period, and making it retroactive, maybe we wouldn't be here. So, Mr. Willese, you say, though, and I want to make sure I understand this, you're saying you're withdrawing the argument that is presented front and center in your brief about the February 28th document. He didn't have to, Your Honor. So you agree that if the argument with respect to the missing document isn't accepted, you lose. Correct. Well, Mr. Willese, you said you wanted to go downstairs and look at the document. You can make a motion by next Tuesday, imposing that document, pointing out how it was considered by the board, and we'll look at it. The government didn't respond yet. If you think it creates a real issue, we'll ask the government to respond. And if not, you're not. Is that the point of the government? Yes, Your Honor. I guess it has to be if that's what the court wishes. Your Honor, may I ask one question? Are you suggesting that we submit something to me here by Tuesday or after he submits either? I'm suggesting that we will ask you for a response if we feel we need it. Thank you, Your Honor. If I may correct the record, too, that refreshed my recollection. When I was downstairs months ago looking at the record, it wasn't an appendix. It must have been the administrative record I was looking at, and I believe I did see it. So I want to correct the record there. Also, Judge, Monday is a holiday, and I'm traveling back to Florida. Is there any way I can get a couple extra days? It's today, Thursday. Thursday. And I'll look at it later. Thank you. The case will be taken, and I'll move on.